## THE ATTORNEY GENERAL
## OF TEXAS
ATTORNEY GENERAL



January 8, 1958

General Earl Rudder             Opinion No. WW-337
Commissioner
General Land Office          Re:   Whether final judgment can-
Austin 14, Texas                     celling land transactions
                                          under the Veterans Land
                                          Program restored rights of
                                          veterans involved to par-
Dear Sir:                              ticipate in said program.

       The State of Texas brought suit to set aside the
purchase and sale under the Veterans Land Program of a block
of land in Zavala County because of certain fraudulent mis-
representations allegedly made by the promoters to the State
and to some of the veteran purchasers. All veteran purchasers
of land in the block were made parties defendant to the State's
suit, and the final judgment therein provided that the State
recover judgment "rescinding and holding <u>void</u> and of no force
and effect <u>from the beginning</u>" the various applications, con-
tracts and <u>deeds by which the</u> Veterans Land transactions in
question were consummated. The judgment further provided that
all right, title and interest in the lands involved were di-
vested out of the defendants and vested in the original owners
"in fee simple as if said title had never passed out of said
defendants". Your letter requests our opinion as to whether
such judgment restores the rights of the various veteran defend-
ants in said suit to participate in the Veterans Land Program.

       Section 13 of the Veterans Land Act, Article 5421m,
V.C.S., provides that "no veteran shall be permitted by the
Board to purchase more than one (1) tract of land under this
Act; and once such veteran has obtained the benefits to be
derived hereunder, he will not be permitted to apply again for
such benefits".

       We think it clear that the evident intent of the
judgment aforesaid was to effect a cancellation of the original
land transactions at the instance of the State. In declaring
same to be void from the beginning, we think the court intended
that the veterans involved should be in the same position as
if the transactions in question had never occurred.

"That which is void is without vitality or legal effect." Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671, 674 (1942). That being true, the veterans involved are considered as never having made the purchases in question, and they are therefore privileged to participate in the Veterans Land Program the same as if such events had never occurred. We answer your question in the affirmative.

## SUMMARY

A final judgment of the court cancelling a Veterans Land transaction and providing that same was void from the beginning restores the right of the veterans involved to participate in the program.

Very truly yours,

WILL WILSON
Attorney General of Texas

By J. Arthur Sandlin (JAR)

    J. Arthur Sandlin
    Assistant

JAS:dhs

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman
W. V. Geppert
Milton Richardson
J. C. Davis, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    James N. Ludlum